(Nos. 78-CC-1229, 78-CC-1231 not cons.—)

SPRINGFIELD SANITARY DISTRICT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 28, 1980.*

GILLESPIE, CADIGAN & GILLESPIE (PATRICK J. CADIGAN, of counsel), for Claimant.

ROE, C. J.

This matter coming on to be heard upon the motions of Respondent to dismiss the claims herein, and, it appearing to the Court that Claimant has received due and timely notice of said motion, and, the Court being fully advised in the premises;

The Court hereby finds:

1. That Rule 14 of the Rules of the Court of Claims of the State of Illinois states that departmental reports issued by State departments or agencies are prima facie evidence of the facts set forth therein.

2. That the departmental reports issued by the Illinois Military and Naval Department, a State department or agency, indicate that there were insufficient funds remaining in the proper line item appropriation to pay these claims and the funds were not available to transfer into that line item appropriation under the 2% transfer statute. Ill. Rev. Stat., ch. 127, par. 149.2.

3. That Claimant has not responded to the motion to dismiss.

4. That article VIII, section 2(b) of the Constitution of the State of Illinois, 1970, states that:

"The General Assembly by law shall make appropriations for all expenditures of public funds by the State. Appropriations for a fiscal year shall not exceed funds estimated by the General Assembly to be available during that year."

5. That article XIII, section 4 of the Constitution of the State of Illinois states that:

"Except as the General Assembly may provide by law, sovereign immunity in this State is abolished."

6. That pursuant to article VIII, section 2(b) of the Constitution of the State of Illinois, 1970, and article XIII, section 4, the legislature of the State of Illinois has enacted Ill. Rev. Stat. 1977, ch. 127, par. 166, which states:

"No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in any amount in excess of the money appropriated, unless expressly authorized by law."

7. That as no officer, institution, department, board or commissioner of the State may contract indebtedness in excess of the amount of money appropriated to it by

the legislature of the State of Illinois, such contracts by statute are void.

8. That because the Military and Naval Department has contracted beyond the money appropriated to it for fiscal year 1979 for reimbursement of facility's expenditures, that contract is void.

9. That for the Court of Claims to award any sum to the Claimant in this matter would in effect be a deficiency appropriation in violation of article VIII and chapter 127, paragraph 166.

10. That as this contract is void by operation of law.

Wherefore, it is hereby ordered that this cause be and the same hereby is dismissed.